[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 19, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-13405
Non-Argument Calendar

_____

D. C. Docket No. 03-60209-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL A. TURNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 19, 2005)**

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIUM:

Michael A. Turner appeals his 188-month sentence, pursuant to his guilty plea, for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Turner was sentenced as an armed career criminal, under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, based on the district court's determination that Turner had three prior violent felony convictions. No reversible error has been shown; we affirm.

Citing Blakely v. Washington, 124 S.Ct. 2531 (2004), Turner argues that the § 4B1.4 armed career criminal enhancement violated his constitutional rights to an indictment and to a jury determination beyond a reasonable doubt that he had been convicted of three prior qualifying felonies. Turner contends the district court thus made an improper fact finding that Turner's prior convictions satisfied the definition of a "violent felony" in 18 U.S.C. § 924(e)(2)(B). He also maintains that a mere reference to 18 U.S.C. § 924(e), in the indictment and at the guilty plea hearing, was not sufficient to evidence an intelligent waiver of his right to have a jury determine beyond a reasonable doubt whether his prior convictions qualified under § 4B1.4.

We review de novo a preserved constitutional challenge to a defendant's sentence. United States v. Miles, 290 F.3d 1341, 1348 (11th Cir. 2002). And we

2

reject Turner's argument that a district court errs when it uses prior convictions to enhance a defendant's sentence under the Sentencing Guidelines.

In Almendarez-Torres v. United States, 118 S.Ct. 1219 (1988), the Supreme Court opined "that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir.), cert. denied, 125 S.Ct. 637 (2004). In the light of Blakely, Turner suggests that Almendarez-Torres no longer is good law. But recently we have written that the conclusion in Almendarez-Torres "was left undisturbed by Apprendi [v. New Jersey, 120 S.Ct. 2348 (2000)], Blakely, or [United States v.] Booker, [125 S.Ct. 738 (2005)]." United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005); see United States v. Guadamuz-Solis, 232 F.3d 1363, 1363 (11th Cir. 2000) ("Almendarez-Torres remains the law until the Supreme Court determines that Almendarez-Torres is not controlling precedent").

And in Booker, the Supreme Court reaffirmed its decision in Apprendi: that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a

3

reasonable doubt." <u>Booker</u>, 125 S.Ct. at 756 (emphasis added). Accordingly, the district court did not err "by relying on prior convictions to enhance [Turner]'s sentence." <u>Shelton</u>, 400 F.3d at 1329.

AFFIRMED.